**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

John Santana,

Plaintiff,

v.

Neil S. Johnson,

Defendant.

Civil No. 00-1834 (MJD/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on defendant's motion for summary judgment dismissing claims of racial bias, defamation, intimidation, and falsification of reports. Plaintiff commenced the action by complaint for violation of civil rights under 42 U.S.C. § 1983. The case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.

Plaintiff is a pro se prisoner whose complaint alleges violation of civil rights by defendant Johnson, a parole and probation agent for the Minnesota Department of Corrections who was assigned to monitor plaintiff's supervised release from prison. Plaintiff has also moved for injunctive relief, essentially requesting that defendant no longer be permitted to supervise plaintiff's parole or contact his family. Defendant asserts that plaintiff's damages claim is barred by Eleventh Amendment immunity; that qualified immunity protects the individual defendant from claims in this case; that any due process claims in this case are not cognizable under 42 U.S.C.§ 1983; and that the request for injunctive relief is moot as a result of plaintiff's re-incarceration. David L. Ramp, Esq., Assistant Attorney General, represents the defendant.

FEB 16 2001

**Procedural Background**

Plaintiff's Section 1983 complaint[1] was filed with the Court on August 3, 2000, and his request for IFP status was granted by Order dated August 31, 2000.[2] Plaintiff's request for injunctive relief[3] was filed on September 8, 2000, and on October 24, 2000, he submitted a "Clarification Notice"[4] which merely restated his claims and emphasized that although he was suing an employee of the Minnesota Department of Corrections, his complaint was not directed at the DOC. The Court issued an Order on October 23, 2000,[5] therein allowing defendant until November 1, 2000, to answer the complaint. Defendant did not file an answer, but rather, responded by motion to dismiss or, alternatively, motion for an order directing the plaintiff to make a more definite statement.[6] Defendant's alternative motions were both denied by Order dated November 28, 2000,[7] and defendant was again directed to serve and file an answer. The deadline for serving the pleading was December 22, 2000. Defendant again did not answer the complaint but responded with the motion for summary judgment that is now before the Court.[8] Plaintiff has submitted a Notice of Objection and Motion to Deny Defendant's Motion for

---

1 [Docket No. 1].

2 [Docket No. 5].

3 [Docket No. 6].

4 [Docket No. 10].

5 [Docket No. 11], filed and mailed on October 24, 2000.

6 [Docket No. 16].

7 [Docket No. 18].

8 [Docket No. 20]. The motion for summary judgment is dated December 22, 2000, but was filed with the Court on December 27, 2000. Though plaintiff challenges the nature of the arguments in support of the motion and seeks a clearer and more satisfactory answer, he explicitly acknowledges that the pleading was a timely response pursuant to the Court's Order.

Summary Judgment.[9]

**Standard of Review**

Defendant has moved for summary judgment directly pursuant to Fed. R. Civ. P. 56, though he has never served or filed a pleading that could be described as a formal answer. The motion will therefore be construed as an alternative motion for summary judgment as contemplated under Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762.

When matters outside the pleadings are presented with a Rule 12(b) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. Summary judgment is appropriate where there is no genuine

---

[9] [Docket No. 26]. In his motion pleading plaintiff objects to the submission of information and documents relating to the underlying basis for his conviction and incarceration. The Court understands and appreciates that the nature of the claims in this case, in connection with defendant's supervisory position and the ultimate revocation of plaintiff's parole, suggest that plaintiff may be challenging his present incarceration. Such a claim might warrant presentation of some background criminal history evidence and information relating to the basis for parole revocation. However, there appears to be no particular justification for submitting plaintiff's DOC website photograph and offender information. (Ramp Aff., Exh. A). There is absolutely no dispute with regard to any information contained therein. The Court finds no prejudice however since the same information is otherwise readily available to the Court and is generally innocuous and irrelevant to any issues in this case. Perhaps the exhibit would be less offending, though equally irrelevant, if like photos of the defendant had been offered.

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e). Pro se pleadings are held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972). However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

In this case defendant relies upon written argument, along with affidavits and exhibits consisting primarily of parole violation reports and revocation hearing decisions. Plaintiff has submitted a memorandum in opposition to summary judgment but provides no additional affidavits or exhibits in support of his opposition to the motion to dismiss on immunity grounds. The court has not excluded all extraneous evidence from its consideration of the merits of plaintiff's claims with respect to the immunity defense. Defendant's motion to

dismiss the complaint is therefore properly treated as a motion for summary judgment and all issues of fact, to the extent any exist, will be considered in the light most favorable to the plaintiff's argument in opposition to dismissal.

**Claims and Defenses**

The claims as explicitly articulated against the defendant in this matter are: (1) racial bias as evidenced by racial remarks, (2) defamation of character resulting from the statements and language used by defendant in reference to the plaintiff, (3) intimidation through threats to return to prison, and (4) making false reports which plaintiff could not refute and which led to his return to prison.[10] Plaintiff subsequently attempted to clarify his claims in a pleading in which he emphasized that his complaint was made against the parole officer, acting on his own, and claims were not asserted against the Minnesota Department of Corrections.[11] He also alleged that the defendant "encroach[ed] on [his] medical rights." As a remedy plaintiff seeks to preclude defendant from making any further contacts with him or his family, and he requests $25,000 in punitive damages. Importantly, plaintiff makes no claim that he is now or has been wrongfully imprisoned, and he makes no assertion that he is entitled to immediate release. Despite the somewhat legally nebulous claims that defendant used threats of imprisonment if plaintiff did not comply with demands, and that, "Mr. Johnson purposely made sure I would fail my parole," the plaintiff has not requested habeas corpus relief in this case.

Defendant asserts that he is entitled to Eleventh Amendment immunity on claims for monetary damages arising out of his capacity as a state official and that he is entitled to qualified immunity to the extent that personal liability is alleged. In addition, defendant contends

---

[10] Complaint, Statement of Claim [Docket No. 1].

[11] Clarification Notice [Docket No. 10].

that even though plaintiff has not intentionally or properly presented a habeas corpus petition, the legal effect of a determination that plaintiff was unconstitutionally subjected to bias and misconduct on the part of his parole agent would be the raising of issues that could only be entertained in the context of habeas corpus. Therefore, there is no remedy for such claims in a Section 1983 action.

**Immunity Defenses**

Plaintiff in this matter requests punitive damages in the amount of $25,000. He also seeks prohibition against any future contacts between the defendant parole officer and himself or his family. Plaintiff's pleadings identify defendant as an employee of the Minnesota Department of Corrections and, as described by the plaintiff, the alleged misconduct was committed in the course of employment, though it is asserted that the defendant "went beyond his duties."[12] Defendant Johnson is referenced only in his official capacity as plaintiff's parole officer and as an employee of the State of Minnesota. Insofar as plaintiff's claim is against defendant Mills in his official capacity for money damages, he is entitled to Eleventh Amendment immunity and the claims are thereby precluded. See Hafer v. Melo, 502 U.S. 21, 25-26, 112 S.Ct. 358, 362 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 68-69, 109 S.Ct. 2304, 2312 (1989).

**Qualified Immunity.** Defendant moves to dismiss claims for monetary damages based upon his qualified immunity from civil damages. This Court concludes that defendant is immune from plaintiff's claims for money damages. The Supreme Court has long held that a state officer sued in his or her personal capacity under 42 U.S.C. § 1983, "may assert personal immunity defenses, such as objectively reasonable reliance on existing law." Hafer v. Melo,

---

[12] Clarification Notice [Docket No. 10].

502 U.S. at 25; 112 S.Ct. at 362. Thus, government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages. Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985), citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In the instant case, plaintiff's allegation that defendant made racially offensive remarks will not support a cause of action under 42 U.S.C. § 1983. Though abusive and harassing comments made by a parole officer to a parolee are certainly inappropriate and unprofessional, use of such belittling, demeaning, and patently offensive language it is not a violation of constitutional rights. Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) citing Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985). Defendant is entitled to qualified immunity on a claim that he directed racial and biased remarks toward the plaintiff.

**Other Claims**

With regard to claims that the defendant defamed plaintiff's character, whether in written reports or in oral comments, plaintiff does not state a claim that can be recognized under Section 1983 as a constitutional violation. Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991). Defamation may be actionable as a state law tort claim, but not as a federal question. Id. Dismissal of defamation claims in this Section 1983 action is appropriate.

To the extent plaintiff may be alleging that defendant's "threats of imprisonment" and efforts to "purposely [make] sure [plaintiff] would fail [his] parole" were constitutional violations, he is essentially asserting habeas corpus claims which may not be brought in an action for damages under Section 1983. Preiser v. Rodriquez, 411 U.S. 475, 488-80, 93 S.Ct. 1827, 1835 (1973). Where a judgment favorable to the prisoner would necessarily imply the invalidity of the prisoner's incarceration, a Section 1983 action does not arise until such incarceration has

been reversed on direct appeal or been brought into question through writ of habeas corpus. Shelton v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) citing Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372 (1994). With respect to claims which somehow relate to the underlying basis for his current incarceration, plaintiff cannot proceed on a claim for damages under Section 1983 until he has first filed a federal habeas action and prevailed in that case. Shelton v. Hundley, 83 F.3d at 234. Dismissal without prejudice is appropriate on such claims. Id.

Finally, defendant has made a bare and conclusory assertion that the defendant encroached on his medical rights.[13] Construing the statement as a claim in this case is perhaps overly generous in that no medical claims were stated in the complaint and plaintiff offered no elaboration whatsoever in pleadings or written argument to the Court. As noted above, a party opposing summary judgment must set forth facts showing that there is a genuine issue for trial, Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e), and even though pro se pleadings are held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972), plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990). Plaintiff here has asserted no facts and has offered no evidence or explanation indicating the existence or nature of any constitutionally guaranteed medical rights which were violated by this defendant. Furthermore, the fundamental underlying facts are matters within the personal knowledge of the party making a medical claim and do not require discovery in order to establish sufficient facts to defeat summary judgment. Any claim in this action based upon violation of

[13] Clarification Notice [Docket No. 10].

medical rights should be dismissed.

**Injunctive Relief**

Plaintiff's prayer for relief asks that defendant Johnson be kept from contacting him or his family and a separate motion for injunction also seeks to prohibit the defendant from making such contact, as well as enjoining defendant from any further harassment and intimidation of the type that is alleged in the complaint. Plaintiff essentially seeks to preclude Mr. Johnson from serving as his supervising parole officer. The issue is moot as a result of plaintiff's incarceration. He is presently in prison and is not subject to defendants's supervisory authority. Furthermore, plaintiff has provided no specific facts to support has motion for injunction, and denial of injunctive relief is appropriate on that basis. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000) citing Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995). With respect to future contact, there is no certainty that the defendant will be assigned to supervise plaintiff's release and both the claim and the requested relief are rooted in speculation. In addition, the Minnesota Department of Corrections has administrative policies and processes which are available to provide means for redress of complaints of racial bias such as those presented here.[14] Plaintiff's request for temporary and/or permanent injunctions should be denied.

## RECOMMENDATION

Based upon the foregoing discussion, the Magistrate Judge **recommends** that defendant's motion for summary judgment [Docket No. 20] be **granted**, and that plaintiff's complaint be dismissed. It is **further recommended** that plaintiff's motion fo injunctive relief be **denied as moot** [Docket No. 6].

---

14 Affidavit of Jill Carlson, para. 8 [Docket No. 22].

Dated: 2/15/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 28, 2001.